NOT FOR PUBLICATION                                            CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VICTOR DOMINGUEZ, | : | |
| Petitioner, | : | Civil Action No. 08-300 (JLL) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**LINARES**, District Judge.

Currently before this Court is Petitioner[1] Victor Dominguez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel when his counsel failed to raise issues related to Petitioner's pretrial confinement as grounds for a downward departure before the sentencing judge. The Government submitted an Answer in response to the motion. The Court has reviewed the parties' submissions and, for the reasons set forth below, denies Petitioner's request to vacate, set aside, or correct his sentence.

---

[1] The Court recognizes that a party seeking relief under 28 U.S.C. § 2255 is technically a movant rather than a petitioner for a writ of habeas corpus. See, e.g., Vega v. United States, 269 F. Supp. 2d 528, 529 n. 1 (D.N.J. 2003) (citing United States v. Sanders, 3 F. Supp. 2d 554, 556-58 (M.D. Pa. 1998), aff'd, 165 F.3d 248 (3d Cir. 1999)). Nevertheless, the Court will refer to the movant as petitioner, for ease of reference.

## BACKGROUND

**A.   Guilty Plea**

On December 13, 2005, Petitioner pleaded guilty to a single count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846.  This charge stemmed from a conspiracy involving Petitioner and Jose Pizano-Lopez ("Lopez"), to distribute large quantities of cocaine from a "stash house" in Hackensack, New Jersey.

In exchange for his guilty plea, the Government agreed not to initiate any further criminal charges against Dominguez for any related criminal activities from on or about May 24, 2005 to on or about May 25, 2005.  Plea Agreement at 1.  The Government also agreed to move to dismiss count two of the indictment at sentencing.  Id.  The plea agreement stipulated that Petitioner's offense carries a statutory maximum prison sentence of 40 years and a statutory minimum prison sentence of 5 years, as well as monetary damages.  Id. at 2.  The plea agreement clearly articulated that the length of the sentence was at the sole discretion of this Court.  Id.  Petitioner hired a private attorney, Paul Lieber, who represented him during the plea process.

**B.   Sentencing**

This Court presided over Petitioner's sentencing hearing on January 12, 2007.  By that point, Petitioner had hired new counsel, Genesis Peduto, to represent him in the remaining proceedings.  (Resp't Br. at 2).

The Court began its guideline analysis at an adjusted offense level of 27, which exposed Petitioner to a suggested guideline range of a minimum of 70 months to 87 months.  See Tr. (Jan. 12, 2007) at 5:15 - 5:19.  Next, Ms. Peduto moved for a safety valve reduction on Petitioner's

behalf.  See id. at 6:2- 6:6.  The Court granted Ms. Peduto's application in this regard, and further reduced Petitioner's offense level from 27 to 25, thus limiting his exposure to 57 to 71 months.  See id. at 6:7 - 7:7.

Thereafter, the Court, pursuant to the Sentencing Reform Act of 1984, sentenced Petitioner to 60 months.  In doing so, the Court noted its belief that Petitioner's sentence should be comparable or equal to that of co-defendant Lopez given the similarity of their respective culpability, and to avoid any unwarranted sentencing disparities.  See id. at 12:16 - 13:5.  Petitioner did not appeal this Court's January 12, 2007 decision.

**C.**    **Petitioner's Section 2255 Claims**

Petitioner now asks the Court to reduce, vacate, or correct his sentence pursuant to section 2255 because he claims that his Sixth Amendment right to counsel was violated.  In particular, Plaintiff claims that (a) his counsel[2] was ineffective for failing to argue for a downward departure based on the conditions at Passaic County Jail, where Petitioner was held during his pretrial confinement, (Pet'r Br. at 3) and (b) his sentence should be now reduced as result of the deplorable conditions of his pretrial confinement (Id. at 4-6).

**LEGAL STANDARD**

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act

---

[2] There is some ambiguity as to whether Petitioner is referring to Mr. Lieber or Ms. Peduto when referring to "Counsel" in his brief.  For instance, Petitioner repeatedly refers to Counsel as "he" or "him;" however, Petitioner alleges that it was his attorney's performance at sentencing that was ineffective.  Ms. Peduto represented him at that point – not Mr. Lieber.  The Court will, therefore, assume that Petitioner's reference to "he" or "him" was a mere oversight.

> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, Petitioner is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution.

In considering the instant 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, No. 06-1815, 2008 WL 803924, at *1 (3d Cir. March 27, 2008) (citing United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005)).[3] Moreover, this Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).[4] With this framework in mind, the Court turns now to Petitioner's arguments.

## LEGAL DISCUSSION

Petitioner presents the Court with two distinct – but overlapping – arguments: (1) Ms. Peduto was ineffective for failing to argue for a downward departure based on the conditions of

---

[3] Given Petitioner's pro se status, the Court will also construe the instant motion liberally. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972).

[4] Because the record in this case conclusively shows that Petitioner is not entitled to relief under section 2255, the Court finds that an evidentiary hearing is not required. See, e.g., Forte, 865 F.2d at 62.

his pretrial confinement and (2) Petitioner is entitled to a reduction in his sentence based upon the "inhumane treatment of detainees" at the Passaic County Jail. (Pet'r Br. at 6). The Court will now address each argument, in turn.

**A.     Ineffective Assistance of Counsel**

In order to sustain an ineffective assistance of counsel claim, Petitioner must establish both deficient performance and resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 697 (1984); see also Garvin, 2008 WL 803924 at *1. Under the first prong, deficient performance, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Even if Petitioner is able to demonstrate deficient performance by counsel, Petitioner must also show that counsel's unprofessional performance actually prejudiced his defense. Id. The prejudice prong is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, this Court must evaluate the effect of any errors in light of the totality of the evidence. Id. at 695 - 96. If a petitioner cannot demonstrate prejudice, however, then the court does not have to determine whether counsel's alleged errors were constitutionally deficient. See, e.g., id. at 697.

Prejudice Prong

Here, Petitioner claims that his counsel was ineffective for failing to argue for a downward departure based upon the conditions of his pretrial confinement. Petitioner bases his entire argument on two district court decisions: (1) United States v. Sutton, Crim. No. 07-426 (KSH), 2007 WL 3170128 (D.N.J. Oct. 25, 2007) (granting variance below the sentencing

guideline range based on conditions at Passaic County Jail) and (2) <u>United States v. Gomez</u>, Crim. No. 05-0580 (WGB) (D.N.J. May 4, 2006) (granting application for downward departure based on deplorable conditions at Passaic County Jail).

Neither case cited to by Petitioner in support of such an argument is binding on this Court – nor was any such case binding on this Court at the time of Petitioner's sentencing.[5]  In the same vein, Petitioner fails to cite to any case wherein a Court of Appeals has approved conditions of pretrial confinement as a permissible basis for downward departure. <u>See, e.g.</u>, <u>United States v. Stevens</u>, 223 F.3d 239, 248 (3d Cir. 2000) ("Assuming <u>arguendo</u> that the condition of Stevens's pretrial confinement is a permissible basis for downward departure, it is similarly clear that the district court's denial of Stevens's request on this basis was also discretionary.").  While there may be certain circumstances in which an attorney's failure to argue for an appropriate downward departure may constitute ineffective assistance of counsel,[6] "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999).

Although this Court takes no position on whether the conditions of a defendant's pretrial confinement are a permissible basis for granting a downward departure at sentencing – and thus, whether any such argument is "meritless," per se – it is clear that at the time of Petitioner's sentencing, there was no binding legal authority which specifically supported such an exercise of

---

[5] In fact, it should be noted that the <u>Sutton</u> decision was decided nine months <u>after</u> Petitioner was sentenced before this Court.  The Court, therefore, agrees with the Government that whatever precedential effect the <u>Sutton</u> decision may have at this time is irrelevant to the Court's assessment of Petitioner's ineffective assistance of counsel claim.

[6] <u>See</u> <u>Vega</u>, 269 F. Supp. 2d at 533 (citing <u>United States v. Headley</u>, 923 F.2d 1079, 1083-84 (3d Cir. 1991)).

a sentencing court's discretion.[7]  Moreover, this Court, in particular, has considered similar applications in the past, and has never granted a downward departure on such a basis.  Thus, to the extent that Petitioner's counsel <u>had</u> sought a downward departure based on such a theory, the success of any such application would have been questionable, at best.  Petitioner has, therefore, failed to demonstrate a reasonable probability that such an argument would have been successful at the time of Petitioner's sentencing, and thus would have resulted in a reduction of Petitioner's sentence. See <u>Strickland</u>, 466 U.S. at 697.[8]  Because Petitioner fails to meet the prejudice prong,

---

[7] Nor is the Court aware of any such decision by a Court of Appeals since Petitioner's sentencing.

[8] Even assuming, <u>arguendo</u>, that Petitioner could demonstrate the requisite prejudice, based on the reasons that follow, Petitioner's ineffective assistance of counsel claim would, nevertheless, fail.  The performance inquiry under <u>Strickland</u> requires that Petitioner overcome the presumption that counsel's conduct, that is, her decision not to argue for a downward departure based on prison conditions, was within the range of professionally reasonable judgement.  <u>Strickland</u>, 466 U.S. at 689. In doing so, this Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  <u>Id.</u> at 690.

There is no evidence before this Court which suggests that counsel's decision not to argue for a downward departure based upon the conditions of the Passaic County Jail was anything but reasonable at the time such decision was made.  To the contrary, as previously explained, because any such argument  lacked legal support at the time of Petitioner's sentencing, this Court has no reason to believe that any such argument would have been successful at that time.  As a result, Ms. Peduto's tactical decision not to raise such an argument is entirely reasonable and certainly within the realm of professionally reasonable judgment.

Moreover, a review of the record in this matter indicates that Ms. Peduto's trial strategy was not only reasonable, but also particularly effective in reducing Petitioner's sentence.  For instance, Ms. Peduto applied for and received a safety valve reduction to Petitioner's sentence.  Ms. Peduto was complimented on the record by both the Court, as well as the Government, for her efforts "in doing everything she could to get the defendant the most beneficial sentence in this case." Tr. (Jan. 12, 2007) at 9:13-18; 11:19-24.  As a result of such efforts, Petitioner was sentenced to 5 years, which was at the lower end of the 57 to 71 month guideline range for the applicable offense level.  In light of the foregoing, Petitioner has failed to overcome the presumption that counsel's decision not to argue for a downward departure based on prison

the Court need not address Strickland's deficiency prong.  See Strickland, 466 U.S. at 697.

**B.     Conditions of Confinement**

Petitioner also makes the argument that he is entitled to a reduction in his sentence pursuant to section 2255 because of the deplorable conditions of his pretrial confinement.[9]  In support of this contention, Petitioner devotes the majority of his brief to broad complaints and descriptions of the conditions of Passaic County Jail, generally.  See Pet'r Br. at 4-6 (stating that "inmates are made to sleep on the floor with their mattresses, jammed packed like a warehouse with limited space," "the toilet lacked proper ventilation" and "the cells and dorm even becomes [sic] infected with rats, roaches, spiders, and other types of bugs").  Although Petitioner's point is well taken, his efforts are misguided.  In Coady v. Vaughn, the Third Circuit observed that section 2255 authorizes challenges to the validity of a sentence, not to the execution of his sentence.  251 F.3d 480, 485 (3d Cir. 2001) (indicating that 28 U.S.C. § 2241 "is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (noting that "a § 1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").  Complaints about rodent infestation, overcrowding, and poor ventilation clearly fall

---

conditions was within the range of professionally reasonable judgement, and thus fails to demonstrate the requisite deficiency.  Strickland, 466 U.S. at 689.

[9] There is some ambiguity as to whether Petitioner's complaints regarding the conditions of his confinement relate to his current conditions of confinement or to the conditions of his pretrial confinement.  In any event, because such complaints have no direct bearing on the validity of his sentence, this discrepancy is immaterial for purposes of the Court's Section 2255 analysis.

within the realm of sentence execution – not validity.  Accordingly, the Court will not entertain Petitioner's Fourteenth and Eighth Amendment claims regarding the conditions of his pretrial current confinement – and any other claims related thereto – as any such claims are not properly brought in a motion pursuant to section 2255. See, e.g., Plaza v. United States, No. 07-4756, 2008 WL 1732961 (D.N.J. April 10, 2008) (dismissing 2255 motion, and noting that "because [petitioner] is seeking a judgment that he is to be released from custody 254 days sooner than he otherwise would be, he is challenging the execution, rather than the validity, of his sentence. Such a challenge therefore can only be properly brought under § 2241."); see generally Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (noting that "whenever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.").

## CONCLUSION

Based on the reasons set forth above, Petitioner Victor Dominguez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 is denied.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.

DATED: July 17, 2008                                /s/ Jose L. Linares
                                                    United States District Judge

9